Opinion of the court delivered by
Judge Haywood.—
The plaintiffs below, who were the carriers of a cargo sent by the defendants in their boat to Orleans, sued for the freight; and in order to excuse themselves from liability for the damage, which part of the cargo received during the voyage, offered in evidence a protest to show that a storm happened on the Mississippi before their arrival at Natchez; and that after arriving at Orleans, and storing the cargo with the consignee, and after his refusal to pay them the freight, on account of the damage which' the goods had sustained, the captain and crew made, swore to, and signed the protest in question at Orleans. The plaintiffs offered it in evidence to show that the damage happened by the act of God. Objection was made to this evidence, on the ground that the protest was not made out at the first port at which they arrived after the storm overtook them. From what is said in the reports of Pennsylvania upon this subject, it may be collected, that a protest is evidence there for the insurer, if made at the first port recently after arriving there, by the captain and a majority of the crew, before a Notary Public, or for want of one, before a magistrate. (1 Dallas’ Reports 196, 317. But in the English courts it is no evidence at all for the insurer. (7 Term Reports 154. It is to be delivered to the owner of the goods or the assured; hence he may be informed of the circumstances, and be enabled to determine whether he be entitled to his action; *74 and also who were the persons that composed the crew; and also of the place where the vessel first arrived; and may there inquire into the circumstances, and get evidence as well as examine the crew. The owner of the goods must show it to the defendant, if required, whence he too may receive the like information.
If the evidence to establish the excuse for the damage, vary from the statements made in the protest, then the owner of the cargo, or the assured, may produce it to show the variance, and when he does so, the owner of a vessel or insurer, may read every part of it. The protest is not evidence per se for the plaintiff below in the present case. (Phillips on Evidence, 321, 322; 2 Esp. Rep. 490; 7 Term Rep. 154; Marshall, 715.
The decision of this point alone, without going further, is enough to show that there should be a new trial, in which the protest must not be received in evidence.
Judgment reversed.